UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN FAULKNER<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | No. 2:14-cv-00321-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 14.) Attorney Joseph M. Linehan represents plaintiff; Special Assistant United States Attorney Summer Stinson represents defendant. After reviewing the administrative record and briefs filed by the parties, the court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment.

**JURISDICTION**

Plaintiff John Faulkner (plaintiff) protectively filed for disability insurance benefits (DIB) on June 11, 2012 and for supplemental security income (SSI) on January 7, 2014. (Tr. 21, 171, 197, 247.) Plaintiff alleged an onset date of December 24, 2011. (Tr. 171.) Benefits were denied initially and on reconsideration.[1] (Tr. 119, 127.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Moira Ausems on February 6, 2014. (Tr. 39-76.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 41-59, 65-68.) Vocational expert K. Diane Kramer and plaintiff's mother, Linda Speidel, also testified. (Tr. 59-64, 68-75.) The ALJ denied benefits (Tr. 21-30) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

---

[1] The ALJ indicates plaintiff filed for SSI on January 7, 2014 although the application, the initial denial and the denial on reconsideration are not part of the record. A DSHS form completed by plaintiff on February 7, 2015 suggests an SSI application was pending. (Tr. 197.)

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 30 years old at the time of the hearing. (Tr. 247.) He has a high school diploma. (Tr. 43.) His last job was as an overnight stocker in the freezer section for Walmart. (Tr. 45.) He also has work experience as a dishwasher, event setup operator, light cover assembler, and cargo handler. (Tr. 49, 67-68.) He testified diabetes is one of his main barriers to employment. (Tr. 43-44.) He has an issue with checking his blood sugars because he gets depressed and does not feel like checking them. (Tr. 47.) His diabetes is out of control. (Tr. 49.) His ability to work is also affected by pain in the joints of his hands and knees due to arthritis. (Tr. 44.) His ankles seize up every knight. (Tr. 48.) He has a hard time moving quickly because he cannot walk fast. (Tr. 48.) He is slow due to pain. (Tr. 50.) He has difficulties with diarrhea. (Tr. 45.) He has a problem getting to a bathroom in time about once a week. (Tr. 49.) He gets depressed a lot. (Tr. 50.) He has no motivation and some days he does not want to get out of bed. (Tr. 50.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On

review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or

combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). If the Commissioner does not meet that burden, the claimant is found to be disabled. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

**ALJ'S FINDINGS**

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since December 24, 2011, the alleged onset date. (Tr. 23.) At step two, the ALJ found plaintiff has the following severe impairments: diabetes mellitus; chronic renal insufficiency with recent progression to chronic renal disease; a depressive disorder, not otherwise specified; and a personality disorder with dependent features. (Tr. 23.) At step three,

the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 23-24.) The ALJ then determined:

> [C]laimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the exception of no climbing of ladders, ropes, or scaffolds or exposure to unprotected heights, or the performance of more than lower semi-skilled (SVP-3) tasks or work requiring more than superficial contact with the general public or the performance of cooperative teamwork endeavors with coworkers.

(Tr. 25.) At step four, the ALJ found plaintiff is capable of performing past relevant work. (Tr. 29.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act from December 24, 2011 through the date of the decision. (Tr. 29.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts: (1) the ALJ did not properly consider or reject the opinion of examining physicians; and (2) did not properly consider or reject his symptoms testimony. (ECF No. 13 at 11-16.) Defendant argues: (1) the ALJ reasonably found plaintiff's symptom statements not entirely credible; and (2) the ALJ properly resolved the evidence. (ECF No. 14 at 4-15.)

## DISCUSSION

**1.  Credibility**

Plaintiff argues the ALJ did not properly consider his testimony at the hearing. (ECF No. 13 at 15-16.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). A negative credibility finding must be supported by "specific, clear and convincing" reasons when there is no evidence of malingering. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

The ALJ considered several factors in making the credibility determination. (Tr. 28.) The ALJ first found that plaintiff's lack of need for or pursuit of medical treatment suggested a lack of credibility regarding symptoms. (Tr. 28.) Medical treatment received to relieve pain or other symptoms is a relevant factor in evaluating pain testimony. 20 C.F.R. §§ 416.929(c)(3)(iv) and 416.929.(c)(3)(v). The ALJ is permitted to consider the claimant's lack of treatment in making a credibility determination. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). In some cases, it may be inappropriate to consider a claimant's lack of mental health treatment as evidence of a lack of credibility. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996). However, when there is no evidence suggesting a failure to seek treatment is attributable to a mental impairment, it is reasonable for the ALJ to conclude that the level or frequency of treatment is inconsistent with the level of complaints. *Molina v. Astrue*, 674 F.3d 1104, 1113 -1114 (9th Cir. 2012). As noted by the ALJ, plaintiff did not pursue mental health treatment despite claims of disabling depression. (Tr. 28.) In fact, no medical provider suggested plaintiff seek treatment for mental health issues, and plaintiff points to no evidence that his failure to seek mental health treatment is attributable to his mental health impairment. This is therefore a clear and convincing reason supported by substantial evidence for the credibility finding.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

Second, the ALJ pointed out plaintiff's volitional lack of compliance with medical treatment exacerbated the effects of his diabetes. (Tr. 28.) Credibility is undermined by unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment. While there are any number of good reasons for not doing so, see, e.g., 20 C.F.R. § 404.1530(c) (1988); *Gallant*, 753 F.2d at 1455, a claimant's failure to assert one, or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony. *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989). The ALJ pointed out that although plaintiff alleged an inability to afford insulin throughout the record, claimant's use of cigarettes "does not provide support for his allegation that he has been unable to afford insulin." (Tr. 28.) Whether it was proper for the ALJ to cite plaintiff's smoking as adversely impacting his credibility is unclear. *See Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1227 (9th Cir.2009) (citing *Shramek v. Apfel,* 226 F.3d 809, 812–13 (7th Cir.2000) (noting, in dicta, that nicotine's addictive properties made it "extremely tenuous" to discredit a claimant's description of her impairments based on the claimant's continued smoking). Notwithstanding, the ALJ's point is plaintiff's claim that he could not afford treatment is undermined by the continued ability to purchase cigarettes. Plaintiff does not address the ALJ's reasoning with specificity or argue the ALJ erred by considering his ongoing cigarette use. As a result, this is a clear and convincing reason properly cited in support of the credibility determination.[2]

Lastly, the ALJ cited plaintiff's "unimpeded and varied activities of daily living" as inconsistent with his allegation of total disability. (Tr. 28.) It is reasonable for an ALJ to consider a claimant's activities which undermine claims of totally disabling symptoms in making the credibility determination. *See Rollins*, 261 F.3d at 857. The record reflects plaintiff manages his own self-care and does cooking and cleaning; he does laundry and is busy every day helping out by building a shed and doing yard work; he does odd jobs around the house, including remodeling a trailer and mowing the lawn; he takes care of his personal hygiene, does yardwork

---

[2] Even if the ALJ's should not have considered plaintiff's failure to stop smoking, any error would be harmless since the ALJ cited other reasons for discounting plaintiff's credibility. *See Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1197 (9th Cir.2004) (concluding that, even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error was harmless).

such as mowing, helped build a game room and added onto a deck; he visits with his brother and girlfriend, uses a computer, and goes grocery shopping; he helps with meals, housework and shopping and does some yard work; and he occasionally does some labor such as mowing lawns. (Tr. 409, 417, 435-36, 442, 453, 459.) These activities were reasonably considered by the ALJ to be inconsistent with the limitations alleged. As a result, this is a clear and convincing reason supported by substantial evidence which justifies the credibility finding.

Plaintiff fails to discuss any of these reasons with specificity and contends only that his testimony is consistent with medical evidence in the file. (ECF No. 13 at 15-16.) For reasons discuss *infra*, the medical evidence cited by plaintiff was properly rejected by the ALJ. Notwithstanding, plaintiff has failed to show that the reasons cited by the ALJ in support of the credibility finding are erroneous or lack support in the record. Because the reasons cited by the ALJ to justify the credibility finding are clear and convincing and supported by substantial evidence, there is no error.

**2.     Opinion Evidence**

Plaintiff argues the ALJ did not properly consider or reject the opinions of examining physicians regarding plaintiff's residual functional capacity. (ECF No. 13 at 12.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).

However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

### a. Dr. Higgins

Plaintiff argues the ALJ's rejection of Dr. Higgins' opinion is without merit. (ECF No. 13 at 14.) Dr. Higgins examined plaintiff in April 2011 and diagnosed depressive disorder NOS. (Tr. 411.) Dr. Higgins assessed a moderate, marked or extreme limitations in virtually every functional area. (Tr. 412.) Dr. Higgins also found plaintiff "could likely function in a work environment that did not exclusively require interaction with the public; was located in a quiet, relaxed environment with a tolerant, understanding, and patient supervisor; and required no independent decision making responsibilities." (Tr. 412.) The ALJ assigned "no significant weight" to Dr. Higgin's opinion for two reasons. (Tr. 28.)

First, the ALJ found Dr. Higgins' conclusions are outweighed by the longitudinal medical record reflecting normal mental status exams and no similar limitations from other providers. (Tr. 28.) Factors relevant to evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ noted Dr. Everhart's October 2012 psychological examination was unremarkable with testing showing that plaintiff had no difficulty with executive functioning, logical and coherent thought, and good persistence and concentration. (Tr. 26, 433-38.) He was not easily distracted and Dr. Everhart opined he has the ability to complete multistep tasks. (Tr. 437.) State reviewing psychologist Dr. Underwood concluded plaintiff would be most effective and maintain persistence and pace with a limitation to simple, repetitive work but found no other significant limitations. (Tr. 29, 86-87.) Additionally, Leroy Miller, MS, LMHC, NCC completed a DSHS Psychological/Psychiatric Evaluation form and found one moderate limitation but overall no significant functional limitations. (Tr. 372-78.) These findings were reasonably determined by the ALJ to outweigh Dr. Higgins' conclusions. This is therefore a specific, legitimate reasons supported by substantial evidence for rejecting Dr. Higgins' opinion.

The second reason mentioned by the ALJ in rejecting Dr. Higgins opinion is plaintiff's independent and unimpeded activities of daily living are inconsistent with the limitations identified by Dr. Higgins. (Tr. 28.) An ALJ may discount a medical source opinion to the extent it conflicts with the claimant's daily activities. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 601-602 (9th Cir. 1999). As discussed *supra*, plaintiff reported taking care of his personal needs, shopping, cleaning, cooking, yardwork, mowing lawns, and labor as part of his daily activities. (Tr. 409, 417, 435-36, 442, 453, 459.) Plaintiff does not address the ALJ's characterization of plaintiff's daily activities as inconsistent with his allegations or Dr. Higgins' findings. The court concludes the ALJ's conclusions are reasonable and based on the record. As a result, this is a specific, legitimate reason for rejecting Dr. Higgins' conclusions.

Plaintiff's only argument is that the findings of Dr. Arnold support Dr. Higgins' conclusions. (ECF No. 13 at 15, ECF No. 16 at 1-4.) Even if Dr. Arnold's assessment is consistent with Dr. Higgins' opinion, the ALJ is charged with resolving conflicts and ambiguity in the medical and non-medical evidence. *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999). It is not the role of the court to second-guess the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ's resolution of the conflicting psychological opinions is reasonable and based on substantial evidence. Furthermore, for reasons discussed *infra*, Dr. Arnold's opinion was properly rejected by the ALJ. Thus, the ALJ reasonably gave weight to the opinions of Dr. Everhart and Dr. Underwood rather than the opinion of Dr. Higgins. As a result, there is no error.

**b.   Dr. Arnold**

Plaintiff argues the ALJ failed to properly consider or reject the opinion of Dr. Arnold. (ECF No. 13 at 15-16.) Dr. Arnold completed a DSHS Psychological/Psychiatric Evaluation form in July 2013. (Tr. 446-49.) He diagnosed dysthymia, late onset, and anxiety NOS. (Tr. 447.) Dr. Arnold assessed moderate limitations in 10 areas of functioning and one marked limitation. (Tr. 448.) The ALJ rejected Dr. Arnold's opinion because other than the diagnoses and assessment of limitations, "this pre-printed form is completely void of any information whatsoever." (Tr. 27.) Opinions on a check-box form or form reports which do not contain significant explanation of the basis for the conclusions may accorded little or no weight. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996); *Johnson v. Chater*, 87 F.3d 1015, 1018 (9th

Cir. 1996). The DSHS form completed by Dr. Arnold contains an outline of plaintiff's psychosocial history with no significant findings and a notation that plaintiff "gets up and around" for daily activities. (Tr. 447.) Under the category of "Clinical Findings," there is no detail regarding findings of moderate clinical depression, moderate-severe clinical anxiety, somatic focus, and memory problems. (Tr. 447.) Similarly, there is no explanation or description of the basis of the moderate and marked limitations assessed. (Tr. 448.) In fact, the mental status exam results reported are all within normal limits except for concentration. (Tr. 449.) Plaintiff failed serial 7s and serial 3s, but correctly spelled "table" backward. (Tr. 449.) Trails testing was deferred. (Tr. 449.) Plaintiff suggests his failure on serial 7s and 3s and the check-box assessment that concentration was not within normal limits indicates Dr. Arnold's assessment of limitations is based on objective evidence. (ECF No. 13 at 15.) However, the ALJ reasonably concluded there is virtually no explanation or support for the limitations assessed by Dr. Arnold. As a result, the ALJ did not err by rejecting Dr. Arnold's opinion.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 14)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED July 9, 2015

 *s/Fred Van Sickle*
Fred Van Sickle
Senior United States District Judge